FILED
2014 Nov-04 PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH WOODS, et al., *ex rel.* UNITED STATES OF AMERICA, | } } } } |
| Plaintiffs, | } } |
| v. | } CIVIL ACTION NO. } } 2:14-mc-1847-WMA |
| SOUTHERNCARE, INC., | } } |
| Defendant. | } |

**MEMORANDUM OPINION AND ORDER**

Deborah Woods, Theresa Goolsby, and Teresa Rieder, the relators in an action pending before the United States District Court for the Southern District of Mississippi, Civil Action No. 3:09-cv-313-CWR-LRA, served Simione Healthcare Consultants, LLC ("Simione"), with a subpoena on August 15, 2014. (Doc. 1 at 16). The subpoena designated the law office of Oscar Price, an attorney for the relators, as the place of compliance; such office is located in the Northern District of Alabama. Simione moved to quash the subpoena in this court on September 29, 2014. (Doc. 1). SouthernCare, Inc., the defendant in the underlying suit, filed its own motion to quash the subpoena the following day. (Doc. 3). In response to the motions to quash, the relators filed a motion to transfer the motions to the court that issued the subpoena, the Southern District of Mississippi. (Doc. 6). For the reasons stated below, the relators' motion to transfer will be denied.

**BACKGROUND**

SouthernCare is a hospice company with locations in fifteen states. (Doc. 6 at 2). In January 2009, SouthernCare settled a lawsuit with the United States; the suit was brought under the False Claims Act, alleging that the company submitted false claims to the government on behalf of patients who were not eligible for hospice care. (Doc. 6-1 at 2). As part of the settlement, SouthernCare agreed to be evaluated by an Independent Review Organization. (Doc. 6-2). Simione was retained by SouthernCare to perform such evaluation. (Doc. 1 at 3). Simione is a consulting firm based in Hamden, Connecticut, with expertise in the hospice industry. (Doc. 1 at 2-3).

The relators in the underlying action, former employees of SouthernCare, sued the company in the Southern District of Mississippi under the False Claims Act in May 2009, alleging that the company continued to submit false claims to the government. (Doc. 6 at 3). This litigation is ongoing. The relators issued a subpoena to Simione on August 15, 2014, essentially seeking all documents in Simione's possession that relate to its review of SouthernCare. (Doc. 6 at 3). The subpoena requires production at an address in this judicial district. Simione objected and filed a motion to quash in this court on four grounds: (1) the subpoena requires disclosure of proprietary trade secrets and confidential business information; (2) the subpoena requires disclosure of

unretained expert's opinions; (3) the subpoena requires disclosure of protected health information of patients and privileged materials; and (4) the subpoena subjects Simione to undue burden. (Doc. 1). SouthernCare filed its own motion to quash and objected on two grounds: (1) the subpoena is overbroad and seeks irrelevant documents; and (2) the subpoena requires disclosure of unretained expert's opinions. (Doc. 4). In response, the relators moved to transfer the motions to the Southern District of Mississippi. (Doc. 6).

## DISCUSSION

Subpoenas are governed by Fed. R. Civ. P. 45, which was substantially amended in 2013. As amended, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required. Fed. R. Civ. P. 45(a)(2), (d)(3)(A). The subpoena must state the place where compliance is required, which must be within 100 miles of where the subpoenaed party resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(a)(1)(A)(iii), (c)(2)(A).

Subsection (f) of Rule 45 is new. It allows the court where compliance is required to transfer a motion regarding the subpoena to the court that issued it. Such transfer is only permissible "if the person subject to the subpoena consents or the court finds

3

exceptional circumstances." Fed. R. Civ. P. 45(f). SouthernCare has not consented to transfer, so the relators must demonstrate that exceptional circumstances exist. The Advisory Committee note explains the exceptional circumstances standard:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note (2013).

There is little case law interpreting subsection (f), and none from courts within the Eleventh Circuit, since the rule has been in effect for less than a year. The rule text and Advisory Committee's note make clear, however, that subpoena-related motions should be heard in the court where compliance is required, unless the proponent of transfer demonstrates that exceptional circumstances exist. If such circumstances exist, those interests should then be balanced against the nonparty's interest in local resolution of the motion to determine if transfer is warranted.

The Committee's reasoning is evident: local nonparties should be burdened as little as practicable by litigation in which they

are not involved, and local resolution of the motion will typically impose a lighter burden. Simione, however, is not a local nonparty at all; it is a company based in Connecticut. The parties dispute the importance of this fact. The relators contend that this favors transfer, since Simione has no real interest in resolution of the motion in one foreign forum over another. Simione, on the other hand, complains that it has already been dragged to this forum by the relators, so allowing the relators to continue to drag Simione over to Mississippi would be inequitable.

Neither of these arguments is responsive to the standard of Rule 45(f). Relators mistake the requirements of the rule for a strict balancing test, as if the circumstances favoring transfer are simply to be weighed against the interests of the nonparty in obtaining local resolution. According to the relators, Simione has no interest in local resolution, since it is not a local nonparty, so transfer is appropriate.

Rule 45(f) and its comment, however, set forth a different standard.[1] Transfer is only warranted if exceptional circumstances

---

[1] The relators cite *Agincourt Gaming, LLC v. Zynga, Inc.*, 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, *6 (D. Nev. Aug. 15, 2014), for the proposition that the committee notes "formulate a balancing test in which the court considers 'whether the circumstances favoring transfer outweigh the interest of the nonparty served with the subpoena in obtaining local resolution of the motion.'" This court sees no error in that court's application of the rule, since it found exceptional circumstances to exist based on a variety of factors, including the presence of related cases pending before the issuing court and pending non-party subpoenas in several different districts; the court then properly balanced those interests against the nonparty's burden in transfer. To the extent that the court favored a balancing test without first finding exceptional circumstances, however, this court disagrees.

exist; in other words, exceptional circumstances must first be found before any balancing takes place. The lack of a burden imposed on the nonparty by transfer is not in itself an exceptional circumstance and is insufficient to warrant transfer.

Simione's position is similarly inapposite. It essentially complains that it was brought from Connecticut to Alabama against its will and is forced to litigate in this court, so the court should at least prevent the relators from haling them to yet another foreign court. Transferring the action would, according to Simione, create an avenue under Rule 45(f) for "gamesmanship" and forum manipulation. (Doc. 9 at 7).

Simione's complaint is more properly the basis for a challenge under Rule 45(c)(2)(A), but Simione does not bring such a motion, even though it apparently recognized the possibility (Doc. 6-6 at 4). That subsection requires compliance with the subpoena "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). The Advisory Committee rightfully found that this requirement sufficiently protects nonparties from undue burden in responding to subpoenas by ensuring local resolution of disputes. *See* Fed. R. Civ. P. 45(f) advisory committee's note (2013) ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the

court in which compliance is required under Rule 45(c).")." If Simione or other subpoenaed nonparties feel slighted by the designated place of compliance, Rule 45(c) is the clear avenue to challenge the location, and that rule offers sufficient protection from the "gamesmanship" and forum manipulation of which Simione complains. Because Simione chose not to challenge the subpoena under Rule 45(c), its concerns are inapplicable to this motion.

Turning to the inquiry under Rule 45(f), this court finds that exceptional circumstances do not exist. "[T]he proponent of transfer bears the burden of showing that [exceptional] circumstances are present," and "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45(f) advisory committee's note (2013). The committee only points to one reason as an exceptional circumstance — "disrupting the issuing court's management of the underlying litigation." *Id.* The committee cites two examples of such disruption: (1) the issuing court "has already ruled on issues presented by the motion"; or (2) "the same issues are likely to arise in discovery in many districts." *Id.* Other district courts have transferred actions for these two reasons. *See, e.g., Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, No. 14-mc-80099-SC, 2014 WL 3378011 (N.D. Cal. July 10, 2014) (transferring a motion to compel compliance with a subpoena because the issuing court had already ruled on the issues raised); *Valle del Sol, Inc. v. Kobach*,

No. 14-mc-219-JAR, 2014 WL 3818490 (D. Kan. Aug. 4, 2014) (transferring a motion to compel because both examples were present). Other courts have refused to transfer subpoena-related motions when these circumstances are not present. *See, e.g.*, *CMB Expert, LLC v. Atteberry*, No. 3:14-mc-51-B-BN, 2014 WL 2197840 (N.D. Tex. May 27, 2014); *Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, No. 2:13-mc-00238-JS, 2014 WL 272088 (E.D. Pa. Jan. 24, 2014).

The parties dispute whether this court's resolution of the motion to quash would disrupt the underlying litigation. The relators contend that this court would be required to decide issues that the District Court for the Southern District of Mississippi will also decide in the underlying lawsuit — namely, the relevance and privilege of SouthernCare's communications with Simione.[2] These concerns are primarily advanced in the name of judicial economy, but the relators also caution that this court should be hesitant to rule on the relevance of evidence to an action pending elsewhere and to interpret the implications of the issuing court's opinions and orders.

Simione, on the other hand, argues that resolution of the motion to quash would not disrupt the underlying litigation because the issues raised are specific to Simione and have no bearing on

[2]The relators also claim that Simione's status as a potentially unretained expert is or will be at issue in the underlying suit.

the issues in the underlying suit. Simione also contends that judicial economy is not itself a basis for transfer under Rule 45(f), at least as a concern separate from disruption of the underlying litigation.

The relators are likely correct that some of the issues that will arise in resolving the motions to quash will also arise in the underlying litigation, because SouthernCare's motion in particular raises concerns of relevance that are almost certainly in common with the myriad discovery disputes in the underlying litigation. The court finds, however, that such overlap is an insufficient reason, standing alone, to warrant transfer of the motions. Apart from situations in which the issues are likely to arise in many districts, the Advisory Committee's note only identifies resolution of the motion as disruptive of the underlying litigation if the issuing court has **already** ruled on the issues, not if it might or will rule on them in the future. The risk of overlapping future rulings, in the name of judicial economy or otherwise, does not constitute an exceptional circumstance.

This distinction is consistent with the requirement of the rule — that exceptional (i.e. unusual) circumstances exist. Most nonparty subpoenas will raise issues that are related to the underlying litigation and that are somewhat likely to require future resolution by the issuing court. If judicial efficiency is the primary concern, transfer would almost always be appropriate in

9

order to avoid multiple rulings on the same issues. The Committee notes, however, do not cite judicial efficiency as a basis for transfer. The rule requires exceptional circumstances, as demonstrated by disruption of the underlying litigation; these circumstances do not exist simply because the issuing court is in a better position to decide the motion or because that court may resolve similar issues in the future. *See CMB Expert, LLC*, 2014 WL 2197840 at *2 ("[T]he fact that the issuing court undeniably had greater familiarity with the underlying action did not constitute an exceptional circumstance."); *see also* 9 James Wm. Moore et al., Moore's Federal Practice § 45.50[4] (3d ed. 2014) ("With Rule 45(f) requiring 'exceptional circumstances' for a court-ordered transfer, transfer of a subpoena-related motion is likely to continue to be unusual."). Because the risk of overlapping future rulings is not an exceptional circumstance (absent multi-district concerns), and because none of the relators' other given reasons are sufficient, the relators have not demonstrated exceptional circumstances warranting transfer.

## CONCLUSION

Because the relators have not shown exceptional circumstances justifying transfer, the relators' motion to transfer [Doc. 6] is DENIED. If the relators wish to respond to Simione and SouthernCare's motions to quash the subpoena, they shall do so by **4:30 PM, November 17, 2014.**

DONE this 4th day of November, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE